# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN ALLEN LINGERFELT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 5:21-cv-00647-MHH-HNJ |
| ) | |
| DEBORAH TONEY, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

## MEMORANDUM OPINION

On May 7, 2021, petitioner John Allen Lingerfelt filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asks the Court to "order the Alabama Board/Bureau of Pardons and Paroles to schedule" his "first legal and lawful parole consideration hearing on its next available docket" and to order the Board not to act arbitrarily when considering his request for parole. (Doc. 1, p. 16). Mr. Lingerfelt is serving consecutive 10-year sentences on two convictions for attempted sexual abuse of a child younger than 12 years old. (Doc. 1, pp. 27-28; Doc. 5, p. 1).[1]  As Mr. Lingerfelt was informed when he pleaded guilty, under

---

[1] Mr. Lingerfelt was charged with four counts of attempted sexual abuse of a child under 12 years of age. (Doc. 1, p. 27).

1

Alabama law, the crime is a Class C felony. (Doc. 1, p. 28). Mr. Lingerfelt was sentenced on October 30, 2012 and admitted to the Alabama Department of Corrections that same day. (Doc. 1, pp. 28-29). Mr. Lingerfelt first applied for parole in 2016.

On December 30, 2021, the Magistrate Judge entered a report in which he recommended that the Court dismiss Mr. Lingerfelt's petition as time-barred and moot. (Doc. 11). The Magistrate Judge also recommended that the Court deny Mr. Lingerfelt's motion to amend and supplement the pleadings, (Doc. 7), except as to the state record concerning *Lingerfelt v. the Board, et al.*, No. CV-2019-317, (*see* Doc. 8, pp. 9-19), and deny Mr. Lingerfelt's motion to expand the record and set an evidentiary hearing, (Doc. 9). (Doc. 11). On January 20, 2022, Mr. Lingerfelt filed objections to the report and recommendations. (Doc. 12).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting

28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)).  *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

    Mr. Lingerfelt argues that he was not legally eligible for parole in 2016 when the Alabama Board of Pardons and Paroles first denied his request for parole. (Doc. 5-1). Essentially, Mr. Lingerfelt contends that his 2016 proceeding before the Board was void because the Alabama Department of Corrections had incorrectly classified his felonies as Class B, a designation which makes a prisoner ineligible for parole. (Doc. 12, pp. 2, 3 ("[Mr. Lingerfelt] had to be legally eligible for parole before he could be considered for parole."); *see also* Doc. 1, p. 28 (reflecting incorrect Class B designation)).

    Regardless of Mr. Lingerfelt's legal eligibility for parole under Alabama law due to the incorrect designation, it is undisputed the Board considered and denied Mr. Lingerfelt's request for parole in 2016. (Doc. 1, p. 5; Doc. 5, p. 2; Doc. 5-1; Doc. 12, p. 2). As grounds for denying Mr. Lingerfelt's parole request, the Board cited the severity of the offense; negative input from the victim, family of the victim, and law enforcement; and concern regarding respect for the law. (Doc. 5-1). The Board reset Mr. Lingerfelt's application for parole for consideration in August of

2020. (Doc. 5-1).

Mr. Lingerfelt contends that he did not learn that his ADOC record reflected a Class B felony rather than a Class C felony until June 2019. (Doc. 8, p. 4). Mr. Lingerfelt has not explained how the error came to his attention in 2019. Nevertheless, Mr. Lingerfelt requested a correction in 2019, and ADOC responded. Mr. Lingerfelt's August 2019 amended record reflects two Class C felony convictions. (Doc. 8, pp. 15, 19).

Because of the Covid-19 pandemic, Mr. Lingerfelt's second hearing before the Alabama Board of Pardons and Paroles was delayed. (Doc. 5-11, pp. 2-3). The Board considered Mr. Lingerfelt for parole at a hearing on August 25, 2021. (Doc. 9, p. 5). At the time, the Board had before it Mr. Lingerfelt's correct Class C felony designation. (Doc. 8, pp. 15, 19). The Board denied Mr. Lingerfelt's request because of the severity of the crime and negative input from stakeholders. (Doc. 9, p. 5). The Board reset Mr. Lingerfelt's parole request for August of 2026. (Doc. 9, p. 5).

As a result of the August 2021 parole hearing, Mr. Lingerfelt's request for relief in his habeas petition is moot because he has received the relief he requested; Mr. Lingerfelt received a parole consideration hearing on the Board's next available docket following his May 2021 habeas petition. At the August 2021 hearing, the

4

Board had before it Mr. Lingerfelt's correct felony designation. (Doc. 1, p. 16; Doc. 5-13, pp. 2-3; Doc. 8, pp. 15, 19). To the extent that Mr. Lingerfelt seeks relief regarding the Board's 2021 denial of parole, Mr. Lingerfelt must file a new petition directed to the 2021 decision.

Having reviewed and considered *de novo* the materials in the Court's electronic docket, the Court accepts the Magistrate Judge's recommendation to dismiss Mr. Lingerfelt's petition as moot. By separate order, the Court will dismiss this action. Mr. Lingerfelt's motions concerning the record and his request for an evidentiary hearing also are moot. Consequently, the Court denies the motions and the request for an evidentiary hearing. (Docs. 7, 9).

This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Mr. Lingerfelt's habeas petition does not satisfy either standard. Therefore, this Court will not issue a certificate of appealability. If Mr. Lingerfelt wishes to appeal, he

must request a certificate of appealability from the Eleventh Circuit Court of Appeals.

    **DONE** and **ORDERED** this March 25, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE